UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE RICHARD,<br><br>　　　　Plaintiff<br><br>v.<br><br>RENO POLICE DEPARTMENT,<br><br>　　　　Defendant | Case No.: 3:23-cv-00300-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 1. 1-1 |

Plaintiff, who is an inmate in custody of the Washoe County Detention Facility, has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0 and his average monthly deposits were $0.

Plaintiff's application to proceed IFP is granted. Plaintiff will not be required to pay an initial partial filing fee. However, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names only the Reno Police Department as a defendant.

In Claim 1, he alleges his rights under the Eighth Amendment were violated when on January 2, 2023, Reno Police Department executed a search warrant in a room in the Whitney Peak Hotel, where Plaintiff was staying. Plaintiff was handcuffed without clothing or shoes, and was paraded through the hotel hallways and lobby in view of the public, and then was taken outside where he was exposed to freezing temperatures and was forced to walk through snow in only his socks. He claims this caused him to have heart complications and to be hospitalized. He

notes that the arresting officers were Adam Jenkins, Josh Keat, Jacob Rousseau, Anthony Sotelo, and Eric Tom.

Preliminarily, while Plaintiff references the Eighth Amendment, the court construes his complaint as asserting a claim that he was subject to an unreasonable seizure as either a free citizen or arrestee, which arises under the Fourth Amendment. U.S. Const. amend IV.

In addition, the Reno Police Department is not a proper defendant. A department of a county, city or town, however, "may not, in the department name, sue or be sued" without statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (Nev. 1996) (concluding that the "Washoe County District Attorney's office is not a suable entity because it is a department of Washoe County, not a political subdivision" and noting the State had not waived immunity on behalf of its departments of political subdivisions so the District Attorney's Office had not been conferred the power to sue or be sued) (citing Nev. Rev. Stat. (NRS) 41.031); *see also Wright v. City of Las Vegas,* 395 F.Supp.2d 789, 794 (S.D. Iowa 2005); *Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998) (finding that Elko County Sheriff's Department lacked capacity to be sued).

The City of Reno may be a proper defendant, but a municipality may be only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria,* 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not be sued under a respondeat superior theory (legal doctrine holding employer responsible for unlawful acts of its employees). *Id.* at 603. (citing *Monell*, 436 U.S. at 693-95). Instead, "[a]

plaintiff must therefore show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id*. (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 415 (1997)) (emphasis original).

Here, Plaintiff has not included allegations sufficient to state a claim against the City of Reno under *Monell*. However, he will be given leave to amend to attempt to do so.

Nor does Plaintiff assert a colorable Fourth Amendment claim against any of the individual officers whom he claims were involved in the arrest. To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide *sufficient facts* to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983). Plaintiff does not describe what role each of the individual officers played in the alleged violation of his rights during his seizure. Therefore, Plaintiff will also be granted leave to amend to attempt to assert a claim against the individual officers.

In Claim 2, Plaintiff alleges that his right under the Fifth Amendment against self-incrimination was violated when an officer tried to extract testimony from him in exchange for clothing.

The Fifth Amendment provides that "[n]o person … shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. It "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). "In

addition, the right bars the introduction against a criminal defendant of out-of-court statements obtained by compulsion." *Vega v. Tekoh*, 142 S.Ct. 2095, 2101 (2022) (citations omitted).

To reiterate, courts distinguish between the core right against self-incrimination that arises from the text of the Fifth Amendment, and the court-made doctrine that the Self-Incrimination Clause "bar[s] the government from engaging in certain pretrial conduct, such as compelling a person to make incriminating statements (absent a grant of immunity) or punishing a person who refuses to make such statements…." *Chavez v. Robinson*, 12 F.4th 978, 985 (9th Cir. 2021). The Ninth Circuit, interpreting the plurality opinions in *Chavez v. Martinez*, 538 U.S. at 760 (2003), has held that under either scenario, to be actionable under section 1983, the compelled statements must actually be used against the plaintiff in a criminal proceeding. *Chavez*, 12 F.4th at 992, 995 (citations omitted).

Plaintiff alleges he was refused clothing when he asked for a lawyer and refused to interview. Plaintiff does not allege that he was required to testify against himself in a criminal proceeding, so as to invoke the core Fifth Amendment right against self-incrimination. Nor does he assert that any incriminating statements he made or refused to make as a result of alleged coercive interrogation techniques were actually used against him in a criminal proceeding. Therefore, Plaintiff's Fifth Amendment claim is dismissed, but with leave to amend to attempt to correct these deficiencies.

"A person subjected to coercive interrogation techniques can bring a substantive due process claim under the Fourteenth Amendment." *Tobias v. Arteaga,* 996 F.3d 571, 584 (9th Cir. 2021) (citations omitted); *see also Chavez*, 538 U.S. at 777 n. *; *Stoot v. City of Everett,* 582 F.3d 910, 928 (9th Cir. 2009). Under the Fourteenth Amendment, "[c]onvictions based on evidence obtained by methods that are so brutal and so offensive to human dignity that they

shoc[k] the conscience violate the Due Process Clause." *Chavez*, 538 U.S. at 774 (citation and quotation marks omitted, alteration original). "The standard for showing a Fourteenth Amendment substantive due process violation … is quite demanding." *Stoot*, 582 F.3d at 928 (noting the reference in *Chavez* to "police torture or other abuse" and Justice Kennedy's discussion of "torture or its close equivalents"). "[A] Fourteenth Amendment claim of this type is cognizable only if the alleged abuse of power shocks the conscience and violates the decencies of civilized conduct." *Id.* (quotation marks and citation omitted).

"[P]olice conduct need not include physical violence to violate substantive due process." *Tobias,* 996 F.3d at 584 (citations omitted). Psychological coercion may be sufficient. *Id.* (citing *Stoot*, 582 F.3d at 929) (noting cases where the court found psychologically coercive interrogation shocked the conscience when there was repeated questioning of minors who were isolated for hours and were threatened and lied to by police). "However, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense and therefore a violation of substantive due process." *Stoot,* 582 F.3d at 928 (quotation marks and citation omitted).

As with Claim 1, Claim 2 does not include allegations as to any particular officer. Nor does he include allegations sufficient to hold the City of Reno liable for this conduct under *Monell*. Moreover, he does not include sufficient factual allegations for the court to conclude that anyone engaged in conduct that "shocks the conscience." Therefore, to the extent Plaintiff's complaint can be construed as asserting a Fourteenth Amendment substantive due process claim, that claim is dismissed with leave to amend.

///

///

## III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. He is not required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Washoe County Detention Facility,** 911 E. Parr Blvd., Reno, NV 89512.

(2) The Clerk will **FILE** the complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(5) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint. If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: August 8, 2023

Craig S. Denney
United States Magistrate Judge